**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MASSACHUSETTS**

|  |  |
|---|---|
| In re:<br><br>**RAFIC I. KHOURY,**<br><br>Debtor. | **Chapter 7**<br>**Case No. 23-11297-JEB** |

**NOTICE OF INTENDED PRIVATE SALE OF REAL PROPERTY
AT 9-11 HIGGINS STREET, BOSTON, MASSACHUSETTS,
SOLICITATION OF COUNTEROFFERS, DEADLINE FOR SUBMITTING
OBJECTIONS AND HIGHER OFFERS, AND HEARING DATE**

**TO ALL INTERESTED PARTIES:**

**APRIL 9, 2025, at 10:30 A.M**. is the date and time of the sale hearing.

**APRIL 3, 2025, at 4:30 P.M**. is the date and time by which objection or counteroffers must be made pursuant to this Notice.

Notice is hereby given that, pursuant to 11 U.S.C. § 363(b) and (f), Fed. R. Bankr. P. 2002 and 6004, and MLBR 2002-5 and 6004-1, Donald R. Lassman, the duly appointed Chapter 7 Trustee (the "Trustee") of the estate of Rafic I. Khoury (the "Debtor"), intends to sell at private sale all of the Debtor's right, title, and interest in certain real property located at 9-11 Higgins Street, Boston, Massachusetts (the "Real Property"), after solicitation of counteroffers as required pursuant to the Bankruptcy Code.

**PROPERTY TO BE SOLD**

The Real Property is a four unit apartment building located at 9-11 Higgins Street, Boston, Massachusetts.

**THE PROPOSED SALE AND THE PROPOSED BUYER**

The Trustee has received and accepted an offer to purchase the Real Property for the total sum of $1,300,000.00 (the "Purchase Price") as more fully described herein and in the Purchase and Sale Agreement dated February 24, 2025 including all riders thereto (the "Purchase Agreement") which is attached as *Exhibit A* to the Sale Motion (as defined below). The sale will be subject to the existing tenancies with no representations and warranties by the Trustee regarding same.

The proposed sale of the Real Property is to Terrence Zhenquan Ye and Chingman Ye (together, the "Proposed Buyer"). There is no relationship between the Proposed Buyer and the Trustee. To the Trustee's knowledge, there is no relationship between the Proposed Buyer and the Debtor.

## THE SALE DATE

The Sale shall take place on or before the later of March 21, 2025 or fourteen (14) days after the Bankruptcy Court approval of the Sale. The Proposed Buyer has paid a deposit in the sum of $40,000.00.  The terms of the proposed sale are more particularly described in the Chapter 7 Trustee's Motion for an Order (A) Authorizing and Approving Sale of Real Property Located at 9-11 Higgins Street, Boston, Massachusetts, Subject to Higher Offers; (B) Authorizing Such Sale Free and Clear of All Liens, Claims, Encumbrances, and Interests; and (C) Granting Other Related Relief, Including with Respect to Sale Related Charges (the "Sale Motion") filed with the court on March 3, 2025, the Supplement to the Sale Motion filed on March __, 2025 (the "Supplement"), and a written Purchase and Sale Agreement dated February 24, 2025 inclusive of all riders thereto (i.e., the Purchase Agreement).

The Sale Motion, Supplement, and the Purchase Agreement are available at no charge upon request from the undersigned.

## SALE FREE AND CLEAR OF LIENS AND INTERESTS

The Real Property will be sold free and clear of all mortgages, liens, claims, interests, and encumbrances, if any, including liens securing municipal fees, real estate taxes accrued and unpaid as of the closing, and water and sewer use charges, if any. Such liens, claims, encumbrances, or interests, to the extent valid and enforceable, shall attach to the net proceeds of the Real Property to the same extent and in the same order of priority as they encumber the Real Property as set forth in the Sale Motion.

The Real Property shall be sold "as is" and "where is," and "how is" and without any representations or warranties and specifically without any transferor liability.

## COUNTEROFFERS

Through this Sale Notice, higher offers for the Real Property are hereby solicited. Any higher offer must exceed the Purchase Price by at least ten thousand dollars ($10,000.00), i.e. counteroffers must be for at least $1,310,000.00, and must be filed in writing with the Clerk of the United States Bankruptcy Court, John. W. McCormack Post Office and Court House, 5 Post Office Square, Suite 1150, Boston, MA 02109-3945 on or before **APRIL 3, 2025, by 4:30 P.M.** (the "Bid Deadline").

Any bidder that does not submit a separate asset purchase agreement or a marked up copy of the Purchase Agreement shall, if such bidder is the successful bidder, be bound by the terms of the Purchase Agreement at the amount of the successful bid. Any counteroffer must also identify any participating buyer's broker for the counteroffer.  Any counteroffer must provide the Trustee proof of financial ability to close on the sale as set forth in the Sale Motion.

Counteroffers may have financing contingencies provided that such financing is approved prior to the Sale Hearing.

Notwithstanding anything to the contrary in the Sale Motion, the Court, not the Trustee, will determine whether a counteroffer is acceptable if on different terms from the Purchase Agreement and whether a bidder is qualified. If there is a dispute regarding whether a counteroffer is acceptable, or whether a bidder has the ability to consummate the transaction, the Court will hear the dispute at the hearing on the Sale Motion prior to any further bidding.

**DEPOSIT**

All counteroffers must be accompanied by a deposit equal to $40,000 in the form of a certified or bank check or by wire transfer to an account to be designated by the Trustee's Broker upon request of any bidder. The Trustee's Broker will hold the deposit in escrow pursuant to the terms of the Purchase Agreement.

The Deposit shall be forfeited to the Estate if the successful bidder approved by the Bankruptcy Court at the Sale Hearing fails to timely complete the Sale in accordance with the Order of the Bankruptcy Court. If the Sale is not completed by the successful bidder approved by the Bankruptcy Court, the Bankruptcy Court, without further hearing, may upon request of the Trustee approve the sale of the Real Property to the next highest bidder.

**OBJECTIONS**

Pursuant to Bankruptcy Rule 9014, objections to the Sale Motion, including with respect to the Sale Related Charges (defined below), or this Sale Notice must be filed with the Bankruptcy Court on or before **APRIL 3, 2025, by 4:30 P.M.** (prevailing Eastern Time) (the "Objection Deadline"). Such objections must: (a) be in writing; (b) state the legal and factual basis for such objection; (c) comply with the Bankruptcy Rules and the MLBR; (d) be filed with the Clerk of the Bankruptcy Court; and (e) be served by mail or electronically upon (i) the Trustee, Donald R. Lassman, Chapter 7 Trustee, (ii) the Trustee's counsel, Christine E. Devine, (iii) counsel to the Proposed Buyer, and (iv) the Debtor so as to be actually received by the Objection Deadline. Any objection to the Sale shall be governed by Fed. R. Bankr. P. 9014.

**SALE HEARING**

A hearing on the Sale Motion, including with respect to the Sale Related Charges (defined below) is scheduled to take place on **APRIL 9, 2025, at 10:30 A.M.** (the "Sale Hearing") before the Honorable Janet E. Bostwick, United States Bankruptcy Judge at JW McCormack Post Office and Court House, 5 Post Office Square, 12th Floor, Courtroom #3, Boston, MA.

Any party who has filed an objection and/or counteroffer is expected to be present at the Sale Hearing, failing which the objection may be overruled or the higher offer stricken.

The Court may take evidence at the Sale Hearing to resolve issues of fact. If no objection to the Sale Motion or higher offer is timely filed, the Court, in its discretion, may cancel the scheduled hearing and approve the sale without a hearing.

**No remote appearance will be allowed for any evidentiary portion of the hearing. Any party expecting to present evidence or cross-examine any witnesses is required to appear in person in the courtroom. Any witness will be required to be in the courtroom in person.**

The Court may modify the method of the sale set forth in this Sale Notice at or prior to the Sale Hearing. At the Sale Hearing the Bankruptcy Court may, among other things (i) consider any requests to strike a higher offer, (ii) determine further terms and conditions of the sale, and (iii) determine the requirements for further competitive bidding, and (iv) require one or more rounds of sealed or open bids from the original offeror and any other qualifying offeror.

## **SALE RELATED CHARGES**

The Trustee seeks authority to pay from the sale proceeds certain fees and expenses related to the sale, as described in the Sale Motion (the "Sale Related Charges").

Any questions concerning the intended sale shall be directed to the undersigned.

## **TRUSTEE'S RESERVATION OF CERTAIN RIGHTS**

The Trustee reserves the right to refuse any and all bids. The Court, however, will make all final determinations regarding bids submitted.

Terms announced at the above-described hearing shall supersede the terms of any prior notice.

                Respectfully submitted,

                **DONALD R. LASSMAN,**
                **CHAPTER 7 TRUSTEE**

                By his counsel,

                    /s/ Christine E. Devine
                Christine E. Devine, BBO #566990
                Nicholson Devine LLC
                P.O. Box 7
                Medway, MA 02053
                Phone: (508) 533-7240
                Email: christine@nicholsondevine.com

Dated: March 12, 2025